**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

HUGO AGUAYO, a/k/a Hugo Ochoa
Aguyo,
Defendant-Appellant.

No. 99-4787

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-99-105)

Submitted: April 20, 2000

Decided: May 3, 2000

Before MURNAGHAN, WILKINS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North
Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney,
Sandra J. Hairston, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Hugo Ochoa Aguayo pled guilty to conspiracy to distribute in excess of 500 grams of cocaine, 21 U.S.C.A. §§ 846, 841(b)(1)(B) (West 1999). Aguayo appeals from the district court judgment sentencing him to 57 months imprisonment. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal.

Aguayo has filed a document entitled "Defendant's Memorandum in Request for Downward Departure" which we have construed as a pro se supplemental brief. Aguayo claims that the United States should have made a motion for a downward departure based on substantial assistance. The decision to file a downward departure motion is within the sole discretion of the government and is not reviewable unless the government based its decision upon an unconstitutional factor, such as race. See Wade v. United States, 504 U.S. 181, 185-87 (1992). There is no evidence that the Government's failure to move for a departure was based on an unconstitutional motive.

In accordance with Rule 11, Fed. R. Crim. P., the district court properly conducted a hearing and found that Aguayo's plea was knowing and voluntary, that he had full knowledge of the charges against him, and that he agreed with the written factual basis to support his guilty plea. A Spanish-speaking interpreter was present and translated the proceedings. Aguayo was sentenced to the lowest end of the guideline range.

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm Aguayo's conviction and sentence. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition

2

be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. See 4th Cir. R. 46(d). Counsel's motion must state that a copy thereof was served on the client. See id. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3